# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: **RICHARD MARVIN HARDY,** aka        :      **Chapter 13**
Richard M. Hardy, aka Richard Hardy, and   :      **Case No. 5:15-bk-04647-JJT**
**KIMBERLY JAN HARDY,** aka            :
Kimberly J. Hardy, aka Kimberly Hardy,    :
       **Debtors**                    :

---

**RICHARD MARVIN HARDY** and        :
**KIMBERLY JAN HARDY,**             :
       Movants               :      Motion for
           v.                  :      Reconsideration
**HOMEBRIDGE FINANCIAL SERVICES, INC.,**   :
       Respondent           :

## MOTION TO RECONSIDER
## MAY 6, 2016 ORDER  GRANTING RELIEF FROM STAY

AND NOW COMES  Debtors **RICHARD MARVIN HARDY** and **KIMBERLY JAN HARDY**, by and through their attorneys, NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., with Motion to Reconsider May 6, 2015 Order Granting Relief from Stay to HomeBridge Financial Services, Inc., and in support thereof avers:

     1.      On April 14, 2016, **HOMEBRIDGE FINANCIAL SERVICES, INC.,** filed a Motion for Relief from Stay with regard to Debtors' residence at 188 Greenwood Drive, Blakeslee, PA 18610.

     2.      Due to the timing of Debtors' receipt and retrieval of their mail and their discontinued use of a particular e-mail address, and other circumstances, Debtors did not receive actual Notice of the Motion for Relief, from Counsel for HomeBridge or from Counsel for Debtors, until after the May 1, 2016, Answer deadline.  (Debtors concede constructive Notice, and do not allege that service of the Motion was inappropriate.)

3.      Prior to the Motion for Relief from Stay being filed, Debtors had made numerous requests for statements to indicate the amount due.

4.      Historically, Debtor Richard Marvin Hardy has relied upon a payment booklet or other proof of the mortgage payment due, supplied by HomeBridge, in order to obtain funds from his union to maintain mortgage payments during period of low income and/or high expenses.

5.      Movant HomeBridge has failed and/or refused to supply a payment booklet or statements to Debtors since shortly after their Chapter 13 Bankruptcy Case was filed.

6.      As a result, Debtor has been unable to obtain funds from his union to enable Debtors to make postpetition mortgage payments during the winter, when expenses are/were at their extreme high point.

7.      Debtor has submitted the Motion for Relief from Stay to his union and reasonably believes that he will be able to obtain funds to cure the entire postpetition delinquency alleged in the Motion for Relief from Stay.

8.      "But for" Movant's failure and/or refusal to provide a payment booklet or statements to Debtors indicating the monthly amount due on their mortgage, Debtor would have been able to obtain funds from his union, and Debtors would have been able to make the mortgage payments indicated as delinquent in the Motion for Relief from Stay.

9.      As Debtors also possess the funds to pay the amount due to Movant for  the May mortgage payments.

10.      As of the date of the Order, and now, the subject property is Debtors' residence and therefore necessary for an effective reorganization.

11.      Debtor has stated above a sufficient defense to the Motion for Relief.

12.     Under the circumstances, Debtors' failure to file a timely Answer constitutes excusable neglect.

WHEREFORE, Debtors **RICHARD MARVIN HARDY** and **KIMBERLY JAN HARDY** respectfully pray this Honorable Court for an Order that the May 6, 2016 Order Granting Bank Relief from Stay be vacated, or, in the alternative, reconsidered with the Motion of **HOMEBRIDGE FINANCIAL SERVICES,** for Relief from Stay set for a new hearing, and for such other and further relief as the Honorable Court deems just and appropriate.

NEWMAN, WILLIAMS, MISHKIN,
CORVELEYN, WOLFE & FARERI, P.C.

By:  /s/ J. Zac Christman_____
**J. ZAC CHRISTMAN, ESQUIRE**
Attorney for Debtors
712 Monroe Street
Stroudsburg, PA 18360
(570) 421-9090; fax (570) 424-9739
jchristman@newmanwilliams.com